**WO**                                                                                          JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven O. Nelson,<br><br>                    Plaintiff,<br><br>v.<br><br>Siji Thomas, et al.,<br><br>                    Defendants. | No.  CV-23-00745-PHX-MTL (JFM)<br><br>**ORDER** |

Plaintiff Steven O. Nelson, who is currently confined in the Arizona State Prison Complex-Eyman, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's May 1, 2023 Motion for Emergency Preliminary Injunction and Emergency Medical Treatment (Doc. 2) and June 1, 2023 Motion for Emergency Injunction (Doc. 24).  Defendants Arizona Governor Katie Hobbs, Arizona Department of Corrections, Rehabilitation and Reentry (ADC) Director Ryan Thornell, NaphCare Incorporated, Doctor Ronald Stewart, and Nurse Practitioners Karanja Adams and Siji Thomas oppose Plaintiff's Motions.  (Docs. 26, 37.)  On June 13, 2023, Plaintiff filed a Reply to Defendants' Response to the May 1, 2023 Motion.  (Doc. Doc. 30.)  On July 13, 2023, Plaintiff filed a Notice to Proceed (Doc. 44), which the Court construed as a Reply to Defendants' Opposition to Plaintiff's June 1, 2023 Motion.  (Doc. 46.)  In the Reply, Plaintiff concedes his requests for injunctive relief are moot.  (Doc. 44.)

The Court will deny the Motions.

. . . .

**I.   Background**

The Complaint asserts claims regarding Plaintiff's medical care for extreme dermatitis on both legs, which caused redness, swelling, bleeding, and open wounds; a ruptured disc in his back; and injuries to his feet. (Doc. 1.) On screening the Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated medical care claims against Defendants Thomas, Adams, Stewart, and NaphCare in Counts One, Two, Three, and Four, respectively, and directed them to answer the claims. (Doc. 6.) The Court determined that Plaintiff stated official-capacity claims against Defendants Thornell and Hobbs in Counts Five and Six, respectively, and directed them to answer the claims. (*Id.*)

**II.   Discussion**

In the May 1, 2023 Motion, Plaintiff asks the Court to order Defendants to immediately schedule Plaintiff for a consultation at the wound center in Phoenix, to order an MRI for a ruptured disc in Plaintiff's back, and to order Defendants to provide Plaintiff with new boots and medical tennis shoes. (Doc. 2.) In his Reply to Defendants' Response to the May 1 Motion, Plaintiff states that he received medical tennis shoes, but Nurse Practitioner Adams refused to sign a special needs order (SNO) allowing Plaintiff to wear his medical tennis shoes to an offsite medical appointment. (Doc. 30 at 7.) Plaintiff also states he has not undergone an MRI since January 6, 2020. (*Id.*) However, the medical records Defendants submitted with their Response show that Plaintiff underwent an MRI on May 1, 2023. (Doc. 26-3 at 6.)

In his June 1, 2023 Motion, Plaintiff asks the Court to require Defendants to assign him to a top bunk in a unit that is compliant with the Americans with Disabilities Act (ADC). (Doc. 24.) In his Reply to Defendants' Response, Plaintiff states he has been moved to an ADA housing unit, he has an ADA bed and shower SNO, has to walk only a short distance to the medical unit, and is fed in-house, which has "reduced a great deal of substantial pain and suffering." (Doc. 44 at 2.) Plaintiff also states that he now sees Dr. Leeds, who is treating Plaintiff's serious medical needs, including prescriptions for pain medication, footwear, and examinations, including a specialist consultation. (*Id.* at 3.)

Plaintiff concedes he is now "being treated adequately and housed in [an] appropriate living area," and his requests for injunctive relief in both Motions are "moot at this time." (*Id.*)

Under Article III of the Constitution, the jurisdiction of a federal court depends on the existence of a "case or controversy"; without a case or controversy, a claim is moot. *Pub. Util. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it is no longer a present and live controversy or if no effective relief can be granted. *Mitchell v. Dupnik*, 75 F.3d 517, 527–28 (9th Cir. 1996). When a question before the court has been mooted by changes in circumstances after the complaint is filed, there is no justiciable controversy. *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

Questions of mootness regarding injunctions are viewed "in light of the present circumstances." *Id.* at 528. "[A] suit for injunctive relief is normally moot upon the termination of the conduct at issue." *Demery v. Arpaio*, 378 F.3d 1020, 1025-26 (9th Cir. 2004). Thus, if a prisoner is no longer subjected to prison officials' allegedly unlawful activity, the complaint for injunctive relief becomes moot. *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985). A case becomes moot only "if subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks and citations omitted).

Plaintiff concedes he has received the injunctive relief he requested in both Motions for Preliminary Injunction. Thus, Plaintiff is no longer subject to the allegedly unlawful activity he asserted in his Motions. Plaintiff has neither argued nor shown that any allegedly wrongful behavior is reasonably expected to recur. Thus, the Court will deny as moot Plaintiff's Motions.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Emergency Preliminary Injunction and Emergency Medical Treatment (Doc. 2) and Motion for Emergency Injunction (Doc. 24).

. . . .

(2)  Plaintiff's Motion for Emergency Preliminary Injunction and Emergency Medical Treatment (Doc. 2) and Motion for Emergency Injunction (Doc. 24) are **denied as moot**.

Dated this 5th day of August, 2023.

Michael T. Liburdi
United States District Judge